**AMERICAN HOME ASSURANCE COMPANY, a New York corporation, Plaintiff,**

v.

**WEAVER AGGREGATE TRANSPORT, INC. and Beacon Industrial Staffing, Inc., Defendants/Third Party Plaintiff**

**Salvatore Manzo and Salcor Properties, Inc., Third Party Defendants.**

**No. 5:10–cv–329–Oc–10PRL.**

United States District Court, M.D. Florida, Ocala Division.

Signed March 19, 2014.

Aaron S. Weiss, Steven J. Brodie, Thomas Meeks, Carlton Fields Jorden Burt, PA, Miami, FL, Alexander David del Russo, Carlton Fields, PA, West Palm Beach, FL, Claude M. Harden, III, Appel Harden Law Group, Lakeland, FL, for Plaintiff.

Bridgette Mannino Blitch, C. Robert Pickett, J.W. Taylor, Taylor & Associates, Attorneys at Law, PL, Winter Haven, FL, for Defendants/Third Party Plaintiff.

Hank B. Campbell, William Thompson McKinley, James C. Valenti, Valenti, Campbell, Trohn, Tamayo & Aranda, PA, Lakeland, FL, Jonathan Stidham, Jeffrey Sullivan, Stidham & Stidham, PA, Bartow, FL, for Third Party Defendants.

#### ORDER

PHILIP R. LAMMENS, United States Magistrate Judge.

Pending before the Court is Plaintiff American Home Assurance Company, Inc.'s Motion to Require Defendants Weaver and Beacon to Complete Fla. R. Civ. P. Form 1.977. (Doc. 242). Defendants Weaver Aggregate Transport, Inc. ("Weaver") and Beacon Industrial Staffing, Inc. ("Beacon") have filed responses objecting to this Motion. (Docs. 254 & 255).

Plaintiff explains that judgment was entered in its favor and against Weaver and Beacon, jointly and severally, in the amount of $404,013.00. (Doc. 242). Plaintiff argues that, pursuant to Fla. R. Civ. P. 1.560(b), the Court should order Weaver and Beacon to complete Fla. R. Civ. P. Form 1.977 and the required attachments. As to Weaver's and Beacon's arguments that this motion is premature in light of the pending post-trial motions, Plaintiff asserts that it does not seek execution on the judgment at this stage, but rather, it merely is taking the first step to determine if and where Weaver and Beacon have assets.

Weaver responds that the cases on which Plaintiff relies are inapposite and that the Court should not require Weaver to engage in discovery in aid of execution at this point because favorable rulings on the pending post-trial motions could prevent collection of the judgment. (Doc. 254).

Beacon responds that Plaintiff's Motion is premature due to the fact that Beacon's motion for judgment as a matter of law is still pending. (Doc. 255).

A judgment creditor "may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." Fed.R.Civ.P. 69(a)(2). Under Florida law, "the court, at the request of the judgment creditor, shall order the judgment debtor or debtors to complete form 1.977, including all required attachments, within 45 days of the order or other such reasonable time as determined by the court." Fla. R. Civ. P. 1.560(b). "On appropriate terms for the opposing party's security, the court may stay the execution of a judgment—or any proceedings to enforce it—pending disposition" of post-trial motions under Federal Rules of Civil Procedure 50, 52(b), 59, and 60. Fed.R.Civ.P. 62(b).

Here, judgment debtors Weaver and Beacon have presented no support for their argument that they should not be required to engage in discovery in aid of execution while their post-trial motions are pending. Nor has either party moved to stay the execution of the judgment under Rule 62. Accordingly, upon due consideration, Plaintiff American Home Assurance Company, Inc.'s Motion to Require Defendants Weaver and Beacon to Complete Fla. R. Civ. P. Form 1.977 (Doc. 242) is **GRANTED.** Defendants Weaver and Beacon shall complete and serve upon Plaintiff's counsel Form 1.977 and its required attachments on or before **May 5, 2014.**